IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EDMUND INGRAM,** | |
| **Plaintiff,** | |
| v. | Case No. 19-cv-638-NJR |
| **WEXFORD HEALTH SOURCES, INC.,** *et al.*, | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint (Doc. 59). Plaintiff Edmund Ingram seeks to identify John Doe #2 as Nicholas Bebout. He also seeks to amend his Complaint with additional claims and defendants.

Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleadings once as a matter of course…if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a). Defendants have filed responsive pleadings, thus he must now seek to amend his complaint pursuant to Rule 15 (a)(2), which allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) further states that amendments should be freely granted "when justice so requires. Any new claims are also subject to a review of the merits pursuant to 28 U.S.C. § 1915A.

The decision to grant a plaintiff leave to further amend a compliant under Rule

15(a)(2) is within the sound discretion of the Court. *Pugh v. Tribune Co.*, 521 F.3d 686, 698 (7th Cir. 2007); *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997). Leave to amend may be denied for several reasons, however, including: "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party…[and the] futility of the amendment." *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Com'n*, 377 F.3d 682, 687 (7th Cir. 2004); *Guide v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

To the extent that Ingram seeks to identify John Doe #2 as Nicholas Bebout, the Court **GRANTS** the motion and **DIRECTS** the Clerk to substitute Nicholas Bebout for John Doe #2 and serve him in accordance with the Court's threshold Order (Doc. 6).

In addition to identifying John Doe #2, Ingram seeks to add Sherry Benton as a defendant. He alleges that she ignored his medical needs by returning his grievance. He also alleges that she failed to follow proper procedures in returning his grievance. While a grievance may put the defendants on notice of a plaintiff's issues, *see Turley v. Rednour*, 729 F.3d 645, 652-53 (7th Cir. 2013); *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015), the denial or mishandling of a grievance does not amount to a constitutional violation. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). The allegations suggest only that Benton returned his grievance which does not state a claim for deliberate indifference. His request to add Sherry Benton as a defendant is

**DENIED**.

Ingram also seeks to add additional claims that were not in his original Complaint. He lists a number of new claims including *respondeat superior* liability, civil conspiracy, retaliation, and medical malpractice. Neither Wexford nor the individual defendants can be held liable on the basis of *respondeat superior*, or supervisory, liability because it is not recognized under Section 1983. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Further, his civil conspiracy and retaliation allegations relate to a transfer that occurred after he filed this suit. He believes that the transfer was in retaliation for filing this suit, but those allegations are new claims which would have to be brought in a new lawsuit after first exhausting his administrative remedies. Thus, Ingram is **DENIED** leave to amend his Complaint to add these new claims.

As to his claim of negligence/medical malpractice, however, Ingram's claims derive from the same facts as his federal constitutional claim, and he will be allowed to proceed at this stage. 28 U.S.C. § 1367(a). To ultimately pursue this claim, before the completion of the summary judgment phase of the case, Ingram must file an affidavit stating that "there is a reasonable and meritorious cause" for litigation against the defendants and a physician's report to support the assertions in the affidavit, pursuant to 735 ILCS § 5/2-622. *See Young v. United States*, -- F.3d --, 2019 WL 5691878 (7th Cir. Nov. 4, 2019). Thus, to the extent he seeks to add a negligence/medical malpractice claim against Defendants, the Court **GRANTS** the motion.

Finally, Ingram seeks to add Frank Lawrence to his overcrowding claim in Count

5. That request is also **GRANTED**. The claims will be amended as set forth below:

> **Count 1:** Nicholas Bebout was deliberately indifferent under the Eighth Amendment by delaying dental care for Plaintiff's broken tooth.
>
> **Count 5:** Louis Shicker, John Baldwin, Frank Lawrence, and Jacqueline Lashbrook were deliberately indifferent to overcrowding at Menard, which caused delays in Plaintiff's treatment in violation of the Eighth Amendment.
>
> **Count 6:** Illinois Medical Negligence claim against Jacqueline Lashbrook, Dr. Siddiqui, Dr. Asselmeier, John Baldwin, Louis Shicker, Frank Lawrence, Gail Walls, Nicholas Bebout, and Wexford for delaying dental care for Plaintiff's broken tooth.

Accordingly, Plaintiff's motion to amend is **GRANTED in part and DENIED in part**. Ingram is **GRANTED** leave to substitute Nicholas Bebout for John Doe #2, add Frank Lawrence to Count 5, and add a medical malpractice claim, but his request to amend in all other requests is **DENIED**. All other Counts remain the same. The Clerk of Court is **DIRECTED** to file the Amended Complaint and **SERVE** Nicholas Bebout in accordance with the threshold Order.

**IT IS SO ORDERED.**

**DATED:** May 26, 2020

                                                                                    _____
                                                                                    **NANCY J. ROSENSTENGEL**
                                                                                    **Chief U.S. District Judge**